IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT T. DEL VISHIO, an individual,<br>1002 Belvoir Road<br>Plymouth Meeting, PA 19462<br>　　　　　　　　　　Plaintiff,<br>v.<br><br>GOLDLINE INTERNATIONAL, INC., a corporation,<br>1601 Cloverfield Boulevard<br>100 South Tower<br>Santa Monica, CA 90404,<br>and<br>GOLDLINE PRECIOUS METALS, INC., a corporation,<br>1601 Cloverfield Boulevard<br>100 South Tower<br>Santa Monica, CA 90404,<br>　　　　　　　　　　Defendants. | Civil Action No.: 11-3052<br><br>**CIVIL ACTION COMPLAINT** |

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for unlawful acts and omissions of the above-named Defendants, who used false, deceptive, misleading, unfair, abusive, oppressive, and unconscionable practices and means in conjunction with a series of financial transactions between the parties and thereby violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 ("FCEUA"), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL") and common law. Plaintiff seeks actual damages, statutory damages, treble damages, punitive damages, costs, and attorney's fees.

## II. VENUE

2. Venue is appropriate in this federal district, pursuant to 28 U.S.C. § 1391, because events and omissions giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendants regularly transact business within this federal judicial district.

## III. PARTIES

3.     Plaintiff is a natural person residing at the address shown in the caption.

4.     Defendant Goldline International, Inc., is a corporation duly organized under the laws of the state of Delaware and maintains a principal place of business located at the address shown in the caption.

5.     Defendant Goldline Precious Metals, Inc., is a corporation duly organized under the laws of the state of Delaware and maintains a principal place of business located at the address shown in the caption.

6.     Plaintiff has been clinically diagnosed with learning disorder, reading disorder, and communication disorder.

7.     Defendants, at all times relevant hereto, knew or should have known that Plaintiff was so impaired.

## IV. OPERATIVE FACTS

8.     Plaintiff first became a customer of Defendants, or their predecessors, in or about 1978.

9.     During the time that Plaintiff was a customer of Defendants, Plaintiff sent to Defendants at least $185,928.07 to invest in Defendants' financial products.

10.    On numerous occasions, Defendants advised Plaintiff to invest and how to invest his money in said financial products.

11.    As of January 1, 2004, Plaintiff's account with Defendants held $209,975.75, in the form of gold coins.

12. In the period of approximately January 2004 to March 2006, upon Defendants' advice to him, Plaintiff sold his gold coin holdings back to them at a loss and invested, instead, in paper money purchased from them.

13. Plaintiff was advised to do so by, <u>inter alia</u>, Defendants' representative Benjamin Novak, who told him that he "d[id]n't need the volatility of gold."

14. Toward the end of said period, upon said representative's advice to him that, <u>inter alia</u>, he "would never live to see the day" when he would be able to sell for a profit, Plaintiff sold his paper money holdings back to them at a loss.

15. Since January 1, 2004, the price of gold has risen, and Plaintiff would have benefitted had Defendants not advised him to sell his gold holdings back to them.

16. In September or October 2006, Defendants' representative James Novak informed Plaintiff that he had reviewed his account and advised him that by taking a loan from Defendants and, with the loan proceeds, purchasing silver coins from them, he would be able to restore the value of his account to approximately $100,000.00.

17. In October or November 2006, for the purchase of said silver coins, Defendants loaned Plaintiff $29,925.00 with interest at 14.95% annual percentage rate, putting up his then-existing holdings as collateral.

18. Said communications from Defendants to Plaintiff were transmitted and said business was transacted by wire and/or by mail.

19. Plaintiff's frequent trading of Defendants' financial products with Defendants, all upon Defendants' advice, caused him to incur losses due to, <u>inter alia</u>, bid-offer spreads and markups.

20. Defendants intended to and, in fact, did benefit from said transactions, all at Plaintiff's expense.

21. As of December 31, 2010, Plaintiff's account with Defendants held $7,308.17, in the form of silver coins.

22. Plaintiff received no benefit as a result of such decrease in the holdings of said account.

23. As a result of Defendants' actions described herein, Plaintiff suffered financial losses and other injuries including but not limited to mental anguish and emotional distress.

## V.  CLAIMS FOR RELIEF

### COUNT I—FRAUD/MISREPRESENATION

24. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

25. If not for Defendants' representations, as set forth above, Plaintiff would not have taken the actions described above..

26. Defendants made said representations falsely with knowledge of their falsity or recklessness as to whether they were true or false.

27. Defendants made said representations with the intent of misleading Plaintiff into relying on them.

28. Plaintiff was justified in relying on said misrepresentations.

29. Plaintiff's loss was proximately caused by said reliance.

### COUNT II—CONVERSION

30. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

31.     Defendants deprived and continue to deprive Plaintiff's right of property in, and/or use or possession of, <u>inter alia</u>, the proceeds from the sale of his holdings as set forth above.

32.     Such deprivation was and continues to be without Plaintiff's consent.

33.     Such deprivation was and continues to be without lawful justification.

COUNT III—UNJUST ENRICHMENT

34.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

35.     As set outlined above, benefits were conferred on Defendants by Plaintiff.

36.     Defendants appreciated such benefits.

37.     Defendants accepted and have retained such benefits.

38.     Under such circumstances described above, it would be inequitable for Defendants to retain such benefits without payment of value.

COUNT IV—BREACH OF FIDUCIARY DUTY

39.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

40.     By virtue of Defendants' apparently superior knowledge, their active encouragement of Plaintiff's trust, their offering of investment advice, and their pretense of expertise in helping people, such as Plaintiff, in investing their money in precious metals and related products, Defendants' conduct created a confidential relationship with Plaintiff.

41.     Defendants thus assumed a fiduciary duty towards Plaintiff.

42. Defendants breached such duty by inducing Plaintiff into a series of grossly disadvantageous transactions, as outlined above, and by robbing him of his money and the value of his investments.

## COUNT V—VIOLATIONS OF FCEUA

43. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

44. On or about February 23, 2011, Defendants sent Plaintiff the letter a true and exact copy of which is attached hereto, incorporated herein, and marked as Exhibit "A."

45. Said letter was a communication from Defendants to Plaintiff in connection with the collection of an alleged debt.

46. Said alleged debt was a debt within the meaning of FCEUA, 73 P.S. § 2270.3.

47. Because Plaintiff was allegedly obligated to pay said debt, he was a consumer within the meaning of FCEUA, 73 P.S. § 2270.3.

48. Because Defendants were persons to whom a debt was alleged to be owed, they were creditors within the meaning of FCEUA, 73 P.S. § 2270.3.

49. On said date, Defendants knew that Plaintiff was represented by an attorney with respect to such debt and had knowledge of such attorney's name and address.

50. Defendants thus engaged in an unfair or deceptive debt collection act or practice under, inter alia, FCEUA, 73 P.S. § 2270.4(b)(2)(ii).

## COUNT VI—VIOLATIONS OF UTPCPL

51. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

52. Pursuant to FCEUA, 73 P.S. § 2270.5(a), if creditor engages in an unfair or deceptive debt collection act or practice under FCEUA, it shall constitute a violation of UTPCPL.

53. Defendants caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods and/or services.

54. Defendants caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another.

55. Defendants used deceptive representations in connection with goods and/or services.

56. Defendants represented that goods and/or services were of a particular standard, quality, or grade, when they were, in fact, of another.

57. Defendants advertised goods and/or services with intent not to sell them as advertised.

58. Defendants made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

59. Defendants knowingly misrepresented that services, replacements, or repairs were needed when they were not needed.

60. Defendants engaged in other fraudulent or deceptive conduct which would create a likelihood of confusion or of misunderstanding.

61. Plaintiff was a person, as that term is defined in UTPCPL, 73 P.S. § 201-2(2).

62. The transactions herein described were trade and commerce, as those terms are collectively defined in UTPCPL, 73 P.S. § 201-2(3).

63. Plaintiff engaged in said transactions for personal, family, or household purposes.

64.     Pursuant to 73 P.S. § 201-9.2(a), due to Defendants' methods, acts, and/or practices declared unlawful by UTPCPL, the Court may, in its discretion, award to Plaintiffs up to three times the actual damages sustained, plus costs, and reasonable attorney fees and provide such additional relief as it deems necessary or proper.

## VI. PRAYER FOR RELIEF

65.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, as follows:

(a)     Actual damages, pursuant to, inter alia, 73 P.S. § 201-9.2(a).

(b)     Treble damages, pursuant to 73 P.S. § 201-9.2(a).

(c)     Punitive damages.

(d)     Costs of this action together with a reasonable attorney's fee, pursuant to, inter alia, 73 P.S. § 201-9.2(a).

(e)     Such other and further relief as may be just and proper, pursuant to, inter alia, 73 P.S. § 201-9.2(a).

DATED:      July 11, 2011

s/ David E. Pearson
David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone:  (215) 849-1750
Facsimile:   (215) 849-1830
*Attorney for Plaintiff*

8

## VII. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against Defendants, for each cause of action so triable.

DATED:	July 11, 2011

 s/ David E. Pearson
David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone:  (215) 849-1750
Facsimile:   (215) 849-1830
*Attorney for Plaintiff*